**MUSICK, PEELER & GARRETT LLP**

624 South Grand Avenue, Suite 2000
Los Angeles, California 90017-3383
Telephone: (213) 629-7600
Facsimile: (213) 624-1376

Lawrence A. Tabb (State Bar No. 141471)
 *l.tabb@musickpeeler.com*
Jennifer M. Kokes (State Bar No. 210261)
 *j.kokes@musickpeeler.com*

Attorneys for Plaintiff COLONY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY, a Corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>ETHAN LONGLEY DBA FIFTY ONE-FIFTY CONSTRUCTION; GVD-GUFFEY RIM FOREST; RANGI GVD-GUFFEY; GVD-GUFFEY PARTNERS II; NAVIGATORS SPECIALTY INSURANCE COMPANY and DOES 1 through 10,<br><br>            Defendants. | CASE No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF, REIMBURSEMENT AND EQUITABLE CONTRIBUTION**<br><br>**(DEMAND FOR JURY TRIAL)** |

MUSICK, PEELER
& GARRETT LLP

1192166.1

Plaintiff Colony Insurance Company (Colony), by and through its attorneys, hereby alleges as follows by way of its Complaint against defendants Ethan Longley dba Fifty One-Fifty Construction (Fifty One-Fifty), GVD-Guffey Rim Forest, Rangi GVD-Guffey, GVD-Guffey Partners II, Navigators Specialty Insurance Company (Navigators) and DOES 1 through 10 (collectively Defendants):

## NATURE OF THE ACTION

1. This is an insurance coverage dispute in which Defendant Fifty One-Fifty seeks defense and indemnity on its own behalf and in which Defendant Navigators seeks a defense and indemnity on behalf of Defendants GVD-Guffey Rim Forest, Rangi GVD-Guffey, GVD-Guffey Partners II and DOES 1 through 10 from Colony under Master Policy No. AC900002A-6 in connection with the matter styled *Elizarraras v. Valero Refining Company, et al.* filed in San Bernardino County Superior Court, Case No. CIVDS1819395 (the Elizarraras Action).

2. In this action, Colony seeks the following relief:

(a) A declaratory judgment that Colony owes no duty to defend or indemnify Fifty One-Fifty in connection with the Elizarraras Action;

(b) A declaratory judgment that Colony owes no duty to defend or indemnify GVD-Guffey Rim Forest, Rangi GVD-Guffey, GVD-Guffey Partners II and DOES 1 through 10, respectively, in connection with the Elizarraras Action;

(c) Judgment in favor of Colony that Fifty One-Fifty and Rangi GVD-Guffey, respectively, are obligated to reimburse Colony for any and all attorneys' fees and costs Colony has paid or will pay in connection with the defense of Fifty One-Fifty and Rangi GVD-Guffey, respectively, in the Elizarraras Action; and

(d) Judgment in favor of Colony that Navigators is obligated to reimburse Colony for any and all attorneys' fees and costs Colony has paid or will pay in connection with the defense of Rangi GVD-Guffey in the Elizarraras Action under the doctrine of equitable contributions.

MUSICK, PEELER
& GARRETT LLP

1192166.1

**PARTIES**

3.     Plaintiff Colony is a Virginia corporation with its principal place of business in Virginia and, at all relevant times alleged herein, was an insurance company authorized to conduct and was conducting the business of insurance in California.

4.     Colony is informed and believes, and thereon alleges, that Defendant Fifty One-Fifty is a licensed contractor organized under the laws of the State of California and, at all relevant times alleged herein, was authorized to conduct business in the State of California and was conducting business in the County of San Bernardino.

5.     Colony is informed and believes, and thereon alleges, that Defendants GVD-Guffey Rim Forest, Rangi GVD-Guffey, and GVD-Guffey Partners II are and were, at all relevant times alleged herein, organized and existing under the laws of the State of California and were authorized to conduct business in the State of California and were conducting business in the County of San Bernardino.

6.     Colony is informed and believes, and thereon alleges, that Navigators Specialty Insurance Company is a New York corporation with its principal place of business in New York and, at all relevant times alleged herein, was an insurance company authorized to conduct and was conducting the business of insurance in California.

7.     Colony is ignorant of the true names and capacities of defendants DOES 1 through 10, inclusive, and therefore sues said defendants by such fictitious names.  Colony will seek leave to amend when the true names and capacities of defendants DOES 1 through 10, inclusive, are ascertained.  Defendants DOES 1-10 are persons, corporations, partnerships or other entities who are seeking a defense and indemnity from Colony on their own behalf or on behalf of others in connection with the Elizarraras Action.

MUSICK, PEELER
& GARRETT LLP

1192166.1

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs and any claim for punitive damages.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because all of the Defendants except Navigators reside in this District and/or pursuant to 28 U.S.C. § 1391(b)(2)  because a substantial part of the events giving rise to the claims asserted herein occurred in this District.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10.     The allegations in Paragraphs 11 through 31 are common to all of Colony's causes of action and are incorporated into each by reference, as though fully set forth therein.

### The Policy

11.     Colony issued Master Policy No. AC900002A-6 (the Policy) to the named insured "Artisan Contractors Association of America".  The Policy includes Commercial General Liability Coverage.   The Commercial General Liability insuring agreement in the Policy, as amended by Endorsement U159-0702, provides in relevant part:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.     **Insuring Agreement**

a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking

MUSICK, PEELER
& GARRETT LLP

1           damage for "bodily injury" or "property damage" to which this

2           insurance does not apply....

3     **b.**     This insurance applies to "bodily injury" and "property damage" only

4         if:

5     **(1)**     The "bodily injury" or "property damage" is caused by an "occurrence"

6         that takes place in the coverage territory;

7     **(2)**     The "bodily injury" or "property damage" occurs during the policy

8         period

9                                \*\*\*

10     **(4)**     The "bodily injury" or "property damage" is caused by or results from

11         the business described in the Schedule.

12     12.     Defendant Fifty One-Fifty qualifies as an insured member under the

13 Policy for the policy period July 16, 2016 through July 16, 2017 pursuant to

14 Certificate No. ACA-2443-4, a true and correct copy of which is attached hereto as

15 Exhibit "A" and incorporated herein by reference.

16     13.     Defendant Rangi GVD-Guffey was named as an Additional Insured

17 under the Policy pursuant to Endorsement Form No. U156-0310. A true and correct

18 copy of the Certificate of Liability Insurance and Endorsement Form No. U156-

19 0310 is attached hereto as Exhibit "B" and incorporated herein by reference.

20     14.     The Policy includes the following policy endorsement which states, in

21 relevant part:

22 **ABSOLUTE**

23 **AUTO, AIRCRAFT AND WATERCRAFT EXCLUSION**

24     This endorsement modifies insurance provided under the following:

25 COMMERCIAL GENERAL LIABILITY COVERAGE PART

26 A.     **SECTION I – COVERAGES, COVERAGE A BODILY INJURY**

27         **AND PROPERTY DAMAGE LIABILITY, 2.** Exclusions,

28         paragraph **g.** is deleted and replaced with the following:

[This insurance does not apply to:]

**g.     Aircraft, Auto or Watercraft**

"Bodily injury" or "property damage" arising directly or indirectly out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft.  Use includes operation and "loading or unloading."

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft.

*** 

15.     The term "auto" is defined in the Policy and includes "A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment . . . ."

<u>The Complaint in the Elizarraras Action</u>

16.     On or about July 26, 2018, Pearl Elizarraras filed a Complaint for Personal Injury and Property Damage in San Bernardino County Superior Court, Case No. CIVDS1819395 (the Elizarraras Action).

17.     On or about October 23, 2018, GVD-Guffey Rim Forest was added as Doe 1, Rangi GVD-Guffey was added as Doe 2, GVD-Guffey Partners II was added as Doe 3 and Fifty One-Fifty was added as Doe 4 to Pearl Elizarraras' Complaint in the Elizarraras Action.

18.     The Complaint in the Elizarraras Action asserts causes of action for general negligence and premises liability against the Defendants. Both causes of action are predicated on allegations that on August 25, 2016, Ms. Elizarraras was driving her motorcycle in the parking lot of The Depot located at 26599 Pine

1 | Avenue, Rimforest, California 92378 when she drove over a steel gas hose cover on
2 | the ground that was allegedly not secured properly.  Ms. Elizarraras lost control and
3 | was thrown from the motorcycle, which allegedly caused her to suffer neck and
4 | back injuries as well as damage to the motorcycle.  The Elizarraras Complaint
5 | alleges that Defendants failed to repair the gas hole cover and/or warn its guests,
6 | patrons and invitees of its state of disrepair and the dangerous condition that it
7 | caused.

8 | **Cross-Complaint of GVD-Guffey Rim Forest, Rangi GVD-Guffey and GVD-**
9 | **Guffey Partners II**

10 |     19.  On or about November 20, 2018, GVD-Guffey Rim Forest, Rangi
11 | GVD-Guffey and GVD-Guffey Partners II filed a Cross-Complaint in the
12 | Elizarraras Action against Fifty One-Fifty asserting the following causes of action:
13 | (1) implied contractual indemnity; (2) total indemnity; (3) equitable indemnity; (4)
14 | express indemnity; (5) breach of express and implied warranties; (6) breach of
15 | written contract; (7) contribution; (8) declaratory relief re: duty to defend; (9)
16 | declaratory relief re: duty to indemnify; (10) declaratory relief re: contractual duties;
17 | and (11) declaratory relief re: contractual duties-additional insured obligation.

18 |     20.  The Cross-Complaint asserts that GVD-Guffey Rim Forest, Rangi
19 | GVD-Guffey and GVD-Guffey Partners II entered into a written contract with Fifty
20 | One-Fifty wherein Fifty One-Fifty allegedly agreed to defend, indemnify and hold
21 | harmless GVD-Guffey Rim Forest, Rangi GVD-Guffey and GVD-Guffey Partners
22 | II  and their employees against liability for any injuries, loss or damage arising out
23 | the acts or omissions of Fifty One-Fifty.  The Cross-Complaint further alleges that
24 | Fifty One-Fifty owes a duty to defend them in the Elizarraras Action and to the
25 | extent they are held liable, said liability would be the result of  the acts or omissions
26 | of Fifty One-Fifty and GVD-Guffey Rim Forest, Rangi GVD-Guffey and GVD-
27 | Guffey Partners II  would entitled to indemnity.

28

MUSICK, PEELER
& GARRETT LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Cross-Complaint of GVD Retail, Inc.

21.   On or about October 29, 2019, GVD Retail, Inc. filed a Cross-Complaint in the Elizarraras Action against Fifty One-Fifty asserting causes of action for equitable indemnity, apportionment of fault, declaratory relief, and comparative negligence.  The Cross-Complaint asserts generally that if GVD Retail is found liable to Ms. Elizarraras, said liability would be the result of the acts or omissions of Fifty One-Fifty and GVD Retail would be entitled to indemnification, in whole or in part, from Fifty One-Fifty.

### Cross-Complaint of the Guffey Group, LLC

22.   On or about November 8, 2019, the Guffey Group LLC filed a Cross-Complaint in the Elizarraras Action against Fifty One-Fifty asserting causes of action for (1) implied indemnity; (2) equitable indemnity; (3) apportionment; (4) contribution; and (5) declaratory relief.

23.   The causes of action against Fifty One-Fifty are based on allegations that if the Guffey Group, LLC is found liable for any damages to Ms. Elizarraras in the Elizarraras Action, then such damages were primarily and ultimately caused by the acts, breaches and omissions of Fifty One-Fifty and Fifty One-Fifty is obligated to indemnity The Guffey Group, LLC in whole or in part.

### Fifty One-Fifty's Tender to Colony and Coverage Dispute

24.   Fifty One-Fifty provided Colony with notice of the Elizarraras Action and requested a defense in connection with Ms. Elizarraras' Complaint as well as the above-identified Cross-Complaints.  Colony acknowledged receipt of notice and initially determined its owed no duty to defend or indemnify on the ground that the Absolute Auto, Aircraft and Watercraft Exclusion in the Policy applies to fully preclude coverage for the Elizarraras Action.

25.   Fifty One-Fifty disagreed that the Absolute Auto, Aircraft and Watercraft Exclusion applies and has repeatedly requested that Colony reconsider its coverage position.

MUSICK, PEELER
& GARRETT LLP

26.   Although the Policy does not provide coverage for the Elizarraras Action, given the coverage dispute, Colony has agreed to provide Fifty One-Fifty with a defense in connection with Plaintiff's Complaint and the Cross-Complaints, subject to a full and complete reservation of rights under the Policy and applicable law including, but not limited to, the right to seek reimbursement for all amounts Colony pays in connection with the Elizarraras Action and has instituted this lawsuit.

**Navigators, GVD-Guffey Rim Forest, Rangi GVD-Guffey and GVD-Guffey Partners II Tender to Colony and Coverage Dispute**

27.   Colony is informed and believes and thereon alleges that GVD-Guffey Rim Forest, Rangi GVD-Guffey and GVD-Guffey Partners II are insured under a general liability insurance policy issued by Navigators and that Navigators has agreed to defend and is defending GVD-Guffey Rim Forest, Rangi GVD-Guffey and GVD-Guffey Partners II in connection with the Elizarraras Action.

28.   Navigators gave Colony notice of the Elizarraras Action on behalf of GVD-Guffey Rim Forest, Rangi GVD-Guffey and GVD-Guffey Partners II and requested that Colony provide them with a defense.

29.   Colony acknowledged receipt of the notice and advised that it owed no duty to defend or indemnify GVD-Guffey Rim Forest and GVD-Guffey Partners II on the ground that they do not qualify as insureds under the Policy.  Colony further determined that it owed no duty to defend or indemnify GVD-Guffey Rim Forest, Rangi GVD-Guffey and GVD-Guffey Partners II on the ground that the Absolute Auto, Aircraft and Watercraft Exclusion in the Policy applies to fully preclude coverage for the Elizarraras Action.

30.   Navigators, GVD-Guffey Rim Forest, Rangi GVD-Guffey and GVD-Guffey Partners II have repeatedly requested that Colony reconsider its coverage position and have demanded that Colony provide a defense to GVD-Guffey Rim Forest, Rangi GVD-Guffey and GVD-Guffey Partners II in connection with the

MUSICK, PEELER
& GARRETT LLP

1  Elizarraras Action notwithstanding the fact that there is no potential for coverage
2  under the Policy.

3     31.    Although the Policy does not provide coverage for the Elizarraras
4  Action, given the coverage dispute, Colony has agreed to provide Rangi GVD-
5  Guffey with a defense in connection with Plaintiff's Complaint and the Cross-
6  Complaints, subject to a full and complete reservation of rights under the Policy and
7  applicable law including, but not limited to, the right to seek reimbursement for all
8  amounts Colony pays in connection with the Elizarraras Action and has instituted
9  this lawsuit.

**FIRST CAUSE OF ACTION**

**DECLARATORY RELIEF AGAINST FIFTY ONE-FIFTY**

**(NO DUTY TO DEFEND OR INDEMNIFY)**

13     32.    Colony incorporates by reference the foregoing allegations as though
14  they were fully set forth herein.

15     33.    An actual controversy presently exists between Colony and Fifty One-
16  Fifty with respect to whether Colony owes a duty to defend or indemnify Fifty One-
17  Fifty in connection with the Elizarraras Action. Specifically, Colony contends that
18  there is no potential for coverage under the Policy and therefore Colony owes no
19  duty to defend or indemnify Fifty One-Fifty because the Absolute Auto, Aircraft
20  and Watercraft Exclusion in the Policy applies to fully preclude coverage. Colony is
21  informed and believes and thereon alleges that Fifty One-Fifty disputes Colony's
22  coverage position and contends that there is a potential for coverage under the
23  Policy.

24     34.    Colony seeks a judicial declaration that there is no potential for
25  coverage under the Policy for the Elizarraras Action and that Colony owes no duty
26  to defend or indemnify Fifty One-Fifty in connection with the Elizarraras Action.

27     35.    Colony has no other existing, speedy, accurate, or proper remedy other
28  than that prayed for and no remedy at law, by which the rights and duties of the

MUSICK, PEELER
& GARRETT LLP

1   parties may be adequately determined.

2       36.   A judicial declaration is necessary and appropriate at this time, and

3   under the circumstances alleged above, so that Colony and Fifty One-Fifty may

4   ascertain their respective rights and obligations under the Policy.  Resolving this

5   dispute will promote judicial economy, avoid unnecessary burden and expense, and

6   encourage the prompt and expeditious resolution of the insurance coverage issues

7   presented.

8   **SECOND CAUSE OF ACTION**

9   **DECLARATORY RELIEF AGAINST GVD-GUFFEY RIM FOREST,**

10   **RANGI GVD-GUFFEY, GVD-GUFFEY PARTNERS II, NAVIGATORS AND**

11   **DOES 1 THROUGH 10**

12   **(NO DUTY TO DEFEND OR INDEMNIFY)**

13       37.   Colony incorporates by reference the foregoing allegations as though

14   they were fully set forth herein.

15       38.   Colony is informed and believes and thereon alleges that Navigators is

16   presently defending GVD-Guffey Rim Forest, Rangi GVD-Guffey, GVD-Guffey

17   Partners II and Does 1-10 in connection with the Elizarraras Action.  Navigators has

18   tendered their defense to Colony and demanded that Colony defend and indemnify

19   each of them under the Policy.

20       39.   An actual controversy presently exists between Colony, on the one

21   hand, and  GVD-Guffey Rim Forest, Rangi GVD-Guffey, GVD-Guffey Partners II,

22   Navigators and DOES 1 through 10, on the other hand, with respect to whether

23   Colony owes a duty to defend or indemnify GVD-Guffey Rim Forest, Rangi GVD-

24   Guffey, GVD-Guffey Partners II and Does 1 through 10, respectively, in connection

25   with the Elizarraras Action.  Specifically, Colony contends that there is no potential

26   for coverage under the Policy and Colony owes no duty to defend  or indemnify

27   GVD-Guffey Rim Forest, GVD-Guffey Partners II and DOES 1 through 10 because

28   they do not qualify as insureds under the Policy and because the Absolute Auto,

MUSICK, PEELER
& GARRETT LLP

    

Aircraft and Watercraft Exclusion in the Policy applies in any event to fully preclude coverage.  Colony further contends that it owes no duty to defend or indemnify Rangi GVD-Guffey because the Absolute Auto, Aircraft and Watercraft Exclusion in the Policy applies to bar coverage.  Colony is informed and believes and thereon alleges that GVD-Guffey Rim Forest, Rangi GVD-Guffey, GVD-Guffey Partners II, Navigators and DOES 1 through 10, disagree with Colony's coverage position and contend that there is a potential for coverage under the Policy.

40.   Colony seeks a judicial declaration that there is no potential for coverage under the Policy for the Elizarraras Action and that Colony owes no duty to defend   or indemnify GVD-Guffey Rim Forest, Rangi GVD-Guffey, GVD-Guffey Partners II and DOES 1 through 10, respectively, in connection with the Elizarraras Action.

41.   Colony has no other existing, speedy, accurate, or proper remedy other than that prayed for and no remedy at law, by which the rights and duties of the parties may be adequately determined.

42.   A judicial declaration is necessary and appropriate at this time, and under the circumstances alleged above, so that Colony and GVD-Guffey Rim Forest, Rangi GVD-Guffey, GVD-Guffey Partners II, Navigators and DOES 1 through 10 may ascertain their respective rights and obligations.  Resolving this dispute will promote judicial economy, avoid unnecessary burden and expense, and encourage the prompt and expeditious resolution of the insurance coverage issues presented.

### THIRD CAUSE OF ACTION
### FOR REIMBURSEMENT AGAINST FIFTY ONE-FIFTY AND RANGI GVD-GUFFEY

43.   Colony incorporates by reference the foregoing allegations as though they were fully set forth herein.

44.   Colony has agreed to defend Fifty One-Fifty and Rangi GVD-Guffey,

1  respectively, in connection with the Elizarraras Action, subject to a full and
2  complete reservation of rights under the Policy and applicable law, and has paid and
3  will pay attorneys' fees and costs in connection with that defense.

4      45.    Colony expressly reserved its rights, pursuant to *Buss v. Superior*
5  *Court*, 16 Cal.4th 35 (1997) and *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489
6  (2001), to recover all amounts paid in connection with Fifty One-Fifty's and Rangi
7  GVD-Guffey's defense in the Elizarraras Action on the ground that such defense
8  fees and costs are not even potentially covered under the Policy.

9      46.    As alleged above, there is no potential for coverage under the Policy
10 and Colony owes no duty to defend or indemnify Fifty One-Fifty and Rangi GVD-
11 Guffey, respectively, in connection with the Elizarraras Action.  Colony is therefore
12 entitled to recovery or reimbursement from Fifty One-Fifty and Rangi GVD-Guffey,
13 respectively, for all attorneys' fees and costs Colony has paid or will pay to or on
14 behalf of Fifty One-Fifty and Rangi GVD-Guffey in connection with the defense of
15 the Elizarraras Action.

16              **FOURTH CAUSE OF ACTION**
17      **FOR EQUITABLE CONTRIBUTION AGAINST NAVIGATORS**

18     47.    Colony incorporates by reference the foregoing allegations as though
19 they were fully set forth herein.

20     48.    Colony has agreed to defend Rangi GVD-Guffey in connection with
21 the Elizarraras Action, subject to a full and complete reservation of rights under the
22 Policy and applicable law, and has paid and will pay attorneys' fees and costs in
23 connection with that defense.

24     49.    Colony expressly reserved its right, pursuant to *Buss v. Superior Court*,
25 16 Cal.4th 35 (1997) and *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489 (2001), to
26 recover all amounts paid in connection with Rangi GVD-Guffey's defense in the
27 Elizarraras Action on the ground that such defense fees and costs are not even
28 potentially covered under the Policy.

MUSICK, PEELER
& GARRETT LLP

50.   As alleged above, there is no potential for coverage under the Policy and Colony owes no duty to defend or indemnify Rangi GVD-Guffey in connection with the Elizarraras Action.

51.   Colony is informed and believes and thereon alleges that Navigators owes a duty to defend Rangi GVD-Guffey in connection with the Elizarraras Action.

52.   Colony is therefore entitled to equitable contribution and reimbursement from Navigators for all attorneys' fees and costs Colony has paid or will pay to or on behalf of Rangi GVD-Guffey in connection with the defense of the Elizarraras Action.

### PRAYER FOR RELIEF

Wherefore, Colony prays for a judgment providing the following relief:

(a)   **As to the First Cause of Action for Declaratory Relief (No Duty to Defend or Indemnify)**: A declaratory judgment that Colony owes no duty to defend or indemnify Fifty One-Fifty in connection with the Elizarraras Action;

(b)   **As to the Second Cause of Action for Declaratory Relief (No Duty to Defend or Indemnify)**: A declaratory judgment that Colony owes no duty to defend or indemnify GVD-Guffey Rim Forest, Rangi GVD-Guffey, GVD-Guffey Partners II and DOES 1 through 10, respectively, in connection with the Elizarraras Action; and

(c)   **As to the Third Cause of Action for Reimbursement:**

(1) Judgment in favor of Colony that Fifty One-Fifty is obligated to reimburse Colony for any and all attorneys' fees and costs Colony has paid or will pay in connection with the defense of Fifty One-Fifty in the Elizarraras Action;

(2) Judgment in favor of Colony that Rangi GVD-Guffey is obligated to reimburse Colony for any and all attorneys' fees and costs Colony

MUSICK, PEELER
& GARRETT LLP

1192166.1

13

1   has paid or will pay in connection with the defense of  Rangi GVD-

2   Guffey in the Elizarraras Action

3   (3) Damages according to proof; and

4   (4) prejudgment interest.

5   (d)   **As to the Fourth Cause of Action for Equitable Contribution:**

6   (1) Judgment in favor of Colony that Navigators is obligated to

7   reimburse Colony for any and all attorneys' fees and costs Colony has

8   paid or will pay in connection with the defense of  Rangi GVD-Guffey

9   in the Elizarraras Action under the doctrine of equitable contribution;

10   (2) Damages according to proof; and

11   (3) prejudgment interest.

MUSICK, PEELER
& GARRETT LLP

1192166.1

14

1

2      (e)    **As to All Causes of Action:**

3              (1) For costs of suit incurred herein; and

4              (2) For such other and further relief as the Court deems just and proper.

5

6   DATED: January 23, 2020          MUSICK, PEELER & GARRETT LLP

7

8

9                                    By: /s/ Lawrence A. Tabb

10                                       Lawrence A. Tabb
                                         Jennifer M. Kokes
11                                       Attorneys for COLONY INSURANCE
                                         COMPANY
12

13                       <u>**DEMAND FOR JURY TRIAL**</u>

14

15          Plaintiff Colony hereby demands a jury trial as provided by Rule 38(a) of the

16   Federal Rules of Civil Procedure.

17

18   DATED: January 23, 2020          MUSICK, PEELER & GARRETT LLP

19

20                                    By: /s/ Lawrence A. Tabb

21                                       Larry A. Tabb
                                         Jennifer M. Kokes
22                                       Attorneys for COLONY INSURANCE
                                         COMPANY
23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP