UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00161-RGK-KK | Date | March 25, 2021 |
|---|---|---|---|
| Title | *Colony Insurance Company v. Ethan Longley et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

| Proceedings: | (IN CHAMBERS) Order Re: Colony Insurance Company's Motion for Summary Judgement on the Counterclaims of Ethan Longley dba Fifty One-Fifty Construction, GVD-Guffey Rim Forrest, Rangi GVD-Guffey, and GVD-Guffey Partners II; Colony Insurance Company's Motion for Partial Summary Judgment on its Complaint Against All Defendants [DE 81] |
|---|---|

## I.   INTRODUCTION

This suit seeks to resolve an insurance coverage dispute. Colony Insurance Company ("Colony") issued the insurance policy in question to Rangi GVD-Guffey ("Rangi") and Ethan Longley dba Fifty One-Fifty Construction ("Longley").

Presently before the Court is Colony's Motion for Summary Judgement on all counterclaims alleged against it by Rangi, GVD-Guffey Partners II ("Partners"), and Longley: (1) declaratory relief for duty to defend and indemnify; (2) breach of contract; and (3) breach of implied covenant of good faith and fair dealing. Colony also seeks partial summary judgment on its claims for (1) declaratory relief that it has no duty to defend or indemnify against Longley, Rangi, Partners, and GVD-Guffey Rim Forest ("Forest")[1] and (2) reimbursement against Longley. For the following reasons, the Court **GRANTS** Colony's Motion.

---

[1] In its Complaint, Colony also sought declaratory relief against Navigators Specialty Insurance Company ("Navigators"). Colony has since dismissed Navigators from its Complaint. (Order Granting Stipulation to Resolve Certain Causes of Action and Parties, ECF No. 91).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00161-RGK-KK | Date | March 25, 2021 |
|---|---|---|---|
| Title | *Colony Insurance Company v. Ethan Longley et al* | | |

## II. FACTUAL BACKGROUND

The following material facts are not in dispute:

Forest owns 26599 Pine Avenue, Rimforest, California 92378 ("Property"). (GVD Defs.' Countercl. ¶ 12, ECF No. 27). Forest then leased the Property to Rangi. (*Id.* ¶ 13). The Property contains a gas station. Under a service agreement, Longley provides maintenance services to the gas station on the Property. (Longley Stmt. of Uncontroverted Facts ("LSUF") ¶¶ 21–23, ECF No. 83-1). Pursuant to that agreement, Longley needed to procure insurance policies and add Rangi as another insured to those policies. Longley asked Brown & Brown Insurance Brokers of Sacramento, Inc. ("B&B") to help procure the insurance policies. B&B obtained the insurance policy from Colony—the policy at dispute here. (GVD Defs.' Countercl. ¶¶ 14–16; Longley Answer ¶¶ 14–16, ECF No. 46).

Colony issued Master Policy No. AC900002A-6 ("Policy") to Longley and Rangi.[2] The pertinent portion of the Policy provides:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damage for "bodily injury" or "property damage" to which this insurance does not apply.

(Vogel Decl., Ex. 7 ("Policy") at 27, 102, ECF No. 81-11).

The Policy originally contained the following exclusion:

> g. Aircraft, Auto, Or Watercraft:
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft *owned or operated by or rented or loaned to any insured*. Use includes operation and "loading or unloading". This exclusion applies even if the claims against any insured allege

---

[2] Colony issued the Policy to the named insured Artisan Contractors Association of America. Longley qualified as an insured under the Policy pursuant to Certificate No. ACA-2443-4. Rangi was named as another insured under the Policy through the Endorsement Form No. U156-0310. (Colony Compl. ¶¶ 12, 13, ECF No. 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00161-RGK-KK | Date | March 25, 2021 |
|---|---|---|---|
| Title | *Colony Insurance Company v. Ethan Longley et al* | | |

> negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft *that is owned or operated by or rented or loaned to any insured.*

(*Id.* at 30) (emphasis added).

The exclusion was then replaced with the following endorsement:

> g.  Aircraft, Auto, Or Watercraft:
> "Bodily injury" or "property damage" arising directly or indirectly out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft. Use includes operation and "loading or unloading." This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft.

(*Id.* at 95).

Thus, while the original exclusion precluded coverage for bodily injury or property damage "arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . *owned or operated by or rented or loaned to any insured*" (*id.* at 30) (emphasis added), the endorsement broadened the exclusion to preclude coverage for bodily injury or property damage "arising directly or indirectly out of the ownership, maintenance, use or entrustment to others of *any* . . . 'auto'" (*id.* at 95) (emphasis added).

On August 25, 2016, Pearl Elizarraras was driving her motorcycle in the parking lot of the Property when she drove over an unsecured steel gas hose cover, causing her to lose control of the motorcycle. As a result, Elizarraras was thrown off her vehicle, suffering neck and back injuries and damage to her motorcycle. (Vogel Decl., Ex. 1 ("Elizarraras Complaint") at 4, ECF No. 81-1).[3]

---

[3] The Court takes judicial notice of the Elizarraras Complaint under Federal Rule of Evidence 201(c). *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (a court may take

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00161-RGK-KK | Date | March 25, 2021 |
|---|---|---|---|
| Title | *Colony Insurance Company v. Ethan Longley et al* | | |

Elizarraras filed a complaint for negligence in San Bernardino County Superior Court, Case No. CIVDS1819395 ("Elizarraras Action") alleging that defendants had failed to repair the gas hole cover and warn guests of the dangerous condition. (*See generally id.*) Elizarraras then added Forest, Rangi, Partners (collectively, "GVD Defendants"), and Longley as defendants. (Colony's Stmt. of Uncontroverted Facts ("CSUF") ¶ 2, ECF No. 81-2).

GVD Defendants cross-complained[4] in the Elizarraras Action against Longley, seeking defense and indemnity. (*Id.* ¶ 6). Longley, in turn, tendered a claim to Colony, requesting defense in connection with the Elizarraras Action as well as the cross-complaints. (*Id.* ¶ 7). GVD Defendants also requested defense and indemnity from Colony.[5] (*Id.*) Colony refused to defend Forest and Partners because Colony determined that they did not qualify as "insured" under the Policy. (Colony Compl. ¶ 29). As for Longley and Rangi, Colony asserted that they were not entitled to a defense because the exclusion in the Policy precluded coverage. But because of the coverage dispute, Colony agreed to defend Longley and Rangi in the Elizarraras Action subject to reservation of rights. (CSUF ¶¶ 14, 15).

On January 23, 2020, Colony filed a Complaint in this Court, requesting (1) declaratory relief against Longley, GVD Defendants, and Navigators[6] that Colony has no duty to defend or indemnify; (2) reimbursement against Longley and Rangi for the cost of defense in the Elizarraras Action;[7] and (3) equitable contribution against Navigators for defending Rangi in the Elizarraras Action. (Colony Compl.).

On April 23, 2020, GVD Defendants filed a Counterclaim in this Court against Colony, Longley, B&B, and Navigators, requesting: (1) declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing by Rangi and Partners as against Colony; (2) breach of contract

---

judicial notice of "court filings and other matters of public record"). Thus, the Court grants Colony's Request for Judicial Notice for the Elizarraras Complaint.

[4] GVD Retail Inc. and Guffey Group, LLC, non-parties to this action, also cross-complained against Longley seeking defense and indemnity in the Elizarraras Action. (Colony Compl. ¶¶ 21, 22).

[5] GVD Defendants were insured by Navigators. Navigators agreed to defend GVD Defendants in connection with the Elizarraras Action and tendered a claim to Colony on behalf of GVD Defendants. (GVD Defs.' Countercl. ¶ 25).

[6] On February 26, 2021, Colony dismissed Navigators from the Colony Complaint. (Order Granting Stipulation to Resolve Certain Causes of Action).

[7] On February 26, 2021, Colony dismissed the reimbursement claim against Rangi. (Order Granting Stipulation to Resolve Certain Causes of Action).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00161-RGK-KK | Date | March 25, 2021 |
|---|---|---|---|
| Title | *Colony Insurance Company v. Ethan Longley et al* | | |

and express indemnification by GVD Defendants as against Longley; (3) negligence by Rangi as against B&B;[8] and (4) indemnity by Rangi as against Navigators.[9] (GVD Defs.' Counterclaim).

On April 24, 2020, Longley filed a Counterclaim against Colony, alleging (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; and (3) declaratory relief that it has no duty to defend. (Longley Countercl., ECF No. 32).

### III.   JUDICIAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are material only if dispute about them may affect the outcome under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.*

To prevail on a summary judgment motion, the movant must show that there are no genuine issues of material fact as to matters which the movant has the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Such a showing requires establishing "beyond controversy every essential element" of the movant's claim or affirmative defense. *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (citation omitted). On issues where the moving party does not have the burden of proof at trial, the moving party only has to show that no evidence supports the non-moving party's claim. *Celotex Corp.*, 477 U.S. at 325. Upon such a showing, the court may grant summary judgment on all or part of the claim. Fed. R. Civ. P. 56(a).

To defeat a summary judgment motion, the non-moving party must affirmatively present specific evidence sufficient to create a genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 324.

---

[8] On December 15, 2020, Rangi dismissed B&B from the GVD Counterclaim. (Order Granting Stipulation to Dismiss, ECF No. 76).
[9] On February 26, 2021, Rangi dismissed Navigators from the GVD Counterclaim. (Order Granting Stipulation to Resolve Certain Causes of Action).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00161-RGK-KK | Date | March 25, 2021 |
|---|---|---|---|
| Title | *Colony Insurance Company v. Ethan Longley et al* | | |

## IV. DISCUSSION

In this Motion, Colony seeks summary judgment on all counterclaims alleged against it by Rangi, Partners, and Longley (collectively, "Counterclaimants") for: (1) declaratory relief for duty to defend and indemnify; (2) breach of contract; and (3) breach of the implied covenant of good faith and fair dealing ("bad faith"). Colony also seeks partial summary judgment on its claims for (1) declaratory relief that it has no duty to defend or indemnify against Longley; (2) declaratory relief that it has no duty and GVD Defendants; and (2) reimbursement for the cost of defense in the Elizarraras Action against Longley.[10]

The disposition of all these claims and counterclaims rests on whether the Policy's endorsement precluded coverage in the Elizarraras Action. The answer turns on the interpretation of the Absolute Aircraft, Auto, Or Watercraft exclusion ("Exclusion") that precluded coverage for bodily injury and property damage "arising directly or indirectly out of . . . use . . . of any . . . 'auto.'" (Policy at 95).

Colony contends that the Exclusion is plain and clear, and therefore precludes coverage. Counterclaimants counter that the Exclusion is ambiguous and that Counterclaimants' reasonable expectations should control. In the alternative, Counterclaimants contend that even if the Exclusion is unambiguous, it does not apply because the Elizarraras Action did not *arise out of* Elizarraras's use of her motorcycle; it arose out of Longley's negligence. The Court considers each argument in turn.

### A. Duty to Defend

A duty to defend arises when a potential for coverage exists. *State Farm Gen. Ins. Co. v. Mintarsih*, 175 Cal. App. 4th 274, 284 n.6 (2009). A "potential for coverage" exists when the facts alleged in the complaint or otherwise known to the insurer establish a basis for indemnity under the policy. *Id.* "If there is a dispute as to the existence of such facts, a potential for coverage exists until the factual dispute is resolved so as to establish either actual coverage or the absence of coverage." *Id.* By contrast, there is no "potential for coverage" if the existence of coverage depends solely on the resolution of a legal question, such as the interpretation of policy terms. *Id.* Accordingly, if the legal

---

[10] Although Colony's Complaint alleged a claim for reimbursement against Longley and Rangi, Colony asserts that it is only moving for summary judgment against Longley because Rangi did not "submit[] any defense invoices to [Colony] for payment." (Colony's Mot. for Summ. J. at 9, ECF No. 81-1). Thus, Colony will dismiss its reimbursement claim against Rangi as moot if the Court grants this Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00161-RGK-KK | Date | March 25, 2021 |
|---|---|---|---|
| Title | *Colony Insurance Company v. Ethan Longley et al* | | |

question is decided against coverage, "no duty to defend ever existed and . . . there was never any potential for coverage." *Id.* (citation omitted).

"Interpretation of an insurance policy is a question of law and follows the general rules of contract interpretation." *TIG Ins. Co. of Mich. v. Homestore, Inc.*, 137 Cal. App. 4th 749, 755 (2006). Thus, "the mutual intention of the parties at the time the contract is formed governs." *Baldwin v. AAA N. Cal., Nev. & Utah Ins. Exch.*, 1 Cal. App. 5th 545, 550 (2016) (citation omitted). If possible, such intent must be inferred solely from the written provisions of the insurance policy. *Id.* If the policy language "is clear and explicit, it governs." *Id.* (citation omitted). That said, if the policy is ambiguous—that is, susceptible to more than one reasonable interpretation—the court should interpret it to protect the reasonable expectations of the insured. *Berendes v. Farmers Ins. Exch.*, 221 Cal. App. 4th 571, 579–80 (2013).

      1.    <u>The Exclusion Is Conspicuous, Plain and Clear</u>

To be enforceable, exclusionary clauses "must be 'conspicuous, plain and clear.'" *Haynes v. Farmers Ins. Exch.*, 32 Cal. 4th 1198, 1204 (2004) (quoting *Steven v. Fid. & Cas. Co.*, 58 Cal. 2d 862, 878 (1962)). Such clauses must be "placed and printed so that [they] will attract the reader's attention" and be "stated precisely and understandably, in words that are part of the working vocabulary of the average layperson." *Id.* (citation omitted); *see, e.g., id.* at 1205 (finding exclusion not conspicuous, plain and clear when "there is nothing in the heading to alert a reader that it limits permissive user coverage, nor anything in the section to attract a reader's attention to the limiting language").

      a.    *The Exclusion Is Conspicuous*

The Counterclaimants do not appear to dispute that the Exclusion is conspicuous. The Court agrees. Here, the Schedule of Forms and Endorsements stated that the endorsements listed applied and were made part of the Policy. (Policy at 5). Some endorsements specified that they only applied if purchased, directing the insured to check the certificate for purchased endorsements. As is clear from the Schedule of Forms and Endorsements, the Exclusion—Absolute Auto, Aircraft and Watercraft Exclusion, U155-0310—applied to the Policy. On the page describing the Exclusion, the Policy stated in all capital letters and in bold "**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**" (*Id.* at 95). The Exclusion then explained which part of the Policy it modified and how. The Exclusion was therefore placed to attract the reader's attention and thus was conspicuous.

      b.    *The Exclusion Is Plain and Clear*

The Court next considers whether the Exclusion is plain and clear. GVD Defendants first argue that the language in the Exclusion is ambiguous. In support, GVD Defendants identify another

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00161-RGK-KK | Date | March 25, 2021 |
|---|---|---|---|
| Title | *Colony Insurance Company v. Ethan Longley et al* | | |

endorsement in the Policy—the Hired Auto Liability and Non Owned Auto Liability Insurance endorsement ("Hired Auto Endorsement"), U132A-0908—that states that the Aircraft, Auto or Watercraft exclusion in the Policy "[does] not apply" and provides coverage for injuries "arising out of the use on a 'non-owned auto' by any person in the course of your business." (*Id.* at 88). GVD Defendants contend that because the Hired Auto Endorsement offers coverage under these facts, while the Exclusion seemingly precludes it, the Exclusion is ambiguous. (GVD Defs.' Opp. at 10–14, ECF No. 84; *see also* Policy at 88–91).

However, the Hired Auto Endorsement only "applies when purchased." (Policy at 6). Longley did not purchase the Hired Auto Endorsement. (*See id.* at 271). Counterclaimants direct the Court to no authority, and the Court has found none, that a provision that was not a part of the insurance policy can render the policy ambiguous. Further, the fact that Colony's standard policy terms include a separate endorsement that would have covered the *Elizarraras* Action had the Counterclaimants bought it, bolsters the finding that the Exclusion did not intend to cover such action.

Second, Counterclaimants contend that Exclusion is ambiguous because a layperson would have understood the Exclusion to only exclude coverage if an auto was owned, loaned, or operated by an insured. Yet the explicit Policy language states otherwise. The provision that excluded coverage only if an auto was "owned, loaned, or operated by an insured" was deleted and replaced with the provision that excluded coverage for damages "arising directly or indirectly out of the ownership, maintenance, use or entrustment to others of any . . . 'auto.'" (*Id.* at 95). As a result, nothing in the Exclusion suggested that the coverage was precluded only if an auto was owned, loaned, or operated by an insured. *See Baldwin*, 1 Cal. App. 5th at 550 (if the policy language "is clear and explicit, it governs"); *Maxum Indem. Co. v. Kaur*, 356 F. Supp. 3d 987, 1005 (E.D. Cal. 2018) ("The Court will not strain to create ambiguity where none exists and will not read limiting language into the terms as written."); *see also Colony Ins. Co. v. Advanced Logistics Mgmt., Inc.*, No. CV 15-1965 PA (MANX), 2015 WL 12745787, at *7 (C.D. Cal. Nov. 13, 2015) (finding that the identical exclusion language was plain and clear).

Additionally, relying on *Essex Ins. Co. v. City of Bakersfield*, 154 Cal. App. 4th 696 (2007) and *Penn-Star Ins. Co. v. Zenith Ins. Co.*, 436 F. Supp. 3d 1367 (E.D. Cal. 2020), Counterclaimants argue, that the Exclusion was ambiguous. The Court disagrees.

Both *Essex* and *Penn-Star* are distinguishable. In *Essex*, the City of Bakersfield purchased commercial general liability insurance to cover occurrences during a fundraising event. *Essex*, 154 Cal. App. at 701. The policy at issue originally excluded coverage for bodily injury or property damage "arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . *owned or operated by or rented or loaned to any insured*." *Id.* (emphasis added). The endorsement replaced this language to preclude coverage for bodily injury or property damage "arising out of, caused by or contributed to by the ownership, non-ownership, maintenance, use or entrustment to others of *any*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00161-RGK-KK | Date | March 25, 2021 |
|---|---|---|---|
| Title | *Colony Insurance Company v. Ethan Longley et al* | | |

'auto.'" *Id.* at 702 (emphasis added). When the City was sued as a result of a collision of several vehicles during the fundraising event, the insurer refused to provide City with the defense based on the endorsement. *Id.* at 699–703. The court, however, found that the endorsement did not preclude coverage. *Id.* 707–11. Among other reasons, the term "non-ownership" and the removal of the language "owned or operated by or rented or loaned to any insured" rendered the exclusion ambiguous. *Id.* at 707. This is because adding the term "non-ownership" could have been reasonably understood to replace the language "operated by or rented or loaned to any insured" because "vehicles that are rented or loaned to any insured are not vehicles that are owned by the insured." *Id.* As a result of this ambiguity, the court determined that the endorsement did not apply.

Here, unlike the exclusion in *Essex*, the Exclusion here does not include the term "non-ownership" and makes clear that it applies to injuries arising out of use of any auto. Accordingly, the removal of the language "owned or operated by or rented or loaned to any insured" can only be understood to mean that there would be no coverage for cases that arose out of use of autos, even though those autos might have no connection to the insured.

Next, *Penn-Star* is not binding and distinguishable. In *Penn-Star*, the insured was sued for negligent entrustment when its tractor operated by a third person collided with an automobile. *Penn-Star*, 436 F. Supp. 3d at 1371. The policy at issue excluded from coverage bodily injury and property damage "arising out of the ownership, maintenance, or use *by any person* or entrustment to others, of any . . . 'auto.'" *Id.* at 1372 (emphasis added). Based on this exclusion, the insurer sought declaratory relief that it had no duty to defend the insured. *Id.* at 1380. The insured argued that the exclusion should be interpreted to exclude coverage only for accidents that involved the use of an auto by a person for whom the insured can be held legally liable. *Id.* The district court found that the exclusion was ambiguous because the effect of the phrase "by any person" was not clear. *Id.* at 1380–83. Accordingly, the policy did not adequately inform the insured that coverage for the underlying suit would be precluded. *Id.* at 1383. The exclusion was thus ambiguous, and the insured's reasonable expectation controlled. *Id.*

Here, different language is at issue. The Exclusion precludes coverage for damages "arising directly or indirectly out of the ownership, maintenance, use or entrustment to others of any . . . 'auto.'" (Policy at 95). Thus, the Exclusion here includes the phrase "directly and indirectly"—which was absent from the language at issue in *Penn-Star*—and does not include the phrase "use by any person." Further, as the Court has already explained, nothing in the Exclusion created an ambiguity.

Finally, Longley argues that because the Exclusion was so unfair and unusual, Colony needed to bring it to the insured's attention along with the disclosure of the Policy terms. Although Longley is correct that the duty to read is insufficient "to bind a party to unusual or unfair language unless it is brought to the attention of the party and explained," *Haynes*, 32 Cal. 4th at 1210, even "unusual or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00161-RGK-KK | Date | March 25, 2021 |
|---|---|---|---|
| Title | *Colony Insurance Company v. Ethan Longley et al* | | |

unfair language . . . is enforceable if it is 'conspicuous, plain and clear.'" *Mission Viejo Emergency Med. Assocs. v. Beta Healthcare Grp.*, 197 Cal. App. 4th 1146, 1157 (2011). Here, the Exclusion was conspicuous, plain, and clear. Accordingly, Colony only had a duty to alert Counterclaimants of the Exclusion by disclosing the Policy terms.

Thus, Colony has met its burden to show that the Exclusion was conspicuous, plain and clear.

　　2.　　*The Elizarraras Action Arose Out of the Use of Her Motorcycle*

The Counterclaimants also appear to argue that even if the Exclusion is unambiguous, there is still coverage because the *Elizarraras* Action did not arise out of Elizarraras's use of her motorcycle but out of Longley's negligence. The Court disagrees.

The leading authority when determining whether an injury arose out of the use of a vehicle is *Partridge*. *See State Farm Mut. Auto. Co. v. Partridge*, 10 Cal. 3d 94 (1973). Under *Partridge*, an exclusion will not apply if the liability of the insured (1) arises from the insured's non-auto-related conduct and (2) exists independently of any use of the car. *Allstate Ins. Co. v. Jones*, 139 Cal. App. 3d 271, 277 (1983) (citing *Partridge*, 10 Cal. 3d at 103). Liability exists independently of the use of the car if the liability can be "disassociated from the use of the vehicle itself." *Safeco Ins. Co. v. Gilstrap*, 141 Cal. App. 3d 524, 528 (1983). "Conduct which is dependent upon and related to the use of the vehicle cannot be deemed an independent act" that falls outside the exclusion. *Id.*

Here, although the liability arises from the Counterclaimant's non-auto-related conduct, the liability does not exist independently of Elizarraras's use of her motorcycle. Longley contends that Elizarraras's injuries were not caused as a result of her using her motorcycle because she asserted negligence against Counterclaimants in creating an unsafe condition on the Property. But coverage turns on facts alleged or otherwise known to the insurer, not "on the technical legal cause of action pleaded by the third party." *Gonzalez v. Fire Ins. Exch.*, 234 Cal. App. 4th 1220, 1235 (2015). And Longley fails to explain how Elizarraras's injuries that resulted from being thrown off her motorcycle as well as damage to the motorcycle can be disassociated from her use of the motorcycle. (Elizarraras Complaint at 4). For these reasons, the liability does not exist independently of Elizarraras's use of her motorcycle.

And the Exclusion precluded coverage for bodily injury and property damage "arising *directly or indirectly* out of" use of an auto. (Policy at 95) (emphasis added). So even if Counterclaimants argue that the Exclusion does not apply because Elizarraras's injuries did not directly arise out of her use of her motorcycle, such argument is precluded by the explicit language of the Exclusion, which appears to have contemplated accidents caused indirectly by the use of autos.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00161-RGK-KK | Date | March 25, 2021 |
|---|---|---|---|
| Title | *Colony Insurance Company v. Ethan Longley et al* | | |

Thus, the *Elizarraras* Action arose out of the use of Elizarraras's motorcycle, so Exclusion applies and bars coverage.

Colony has thus carried its burden to show that there was never a potential for coverage, and thus it had no duty to defend Counterclaimants in the *Elizarraras* Action.

**B.   Duty to Indemnify**

Because the duty to defend is broader than the duty to indemnify, a determination that "there is no duty to defend automatically means that there is no duty to indemnify." *Certain Underwriters at Lloyd's of London v. Superior Ct.*, 24 Cal. 4th 945, 961 (2001) (citation omitted). Here, because the Court has already determined that Colony owed no duty to defend, Colony has also adequately demonstrated that it had no duty to indemnify Counterclaimants.

**C.   Breach of Contract and Bad Faith**

An insurer cannot breach its policy or be liable for bad faith if there is no coverage. *R & B Auto Ctr., Inc. v. Farmers Grp., Inc.*, 140 Cal. App. 4th 327, 350 (2006) ("The insurance policy provided no coverage, and no potential for coverage, so it was clear there was no duty to either defend or indemnify and the breach of contract cause of action was not viable."); *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 36 (1995) ("It is clear that if there is no . . . duty to defend under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer."). Colony is therefore entitled to summary judgment on Counterclaimants' claims for breach of the Policy and bad faith.[11]

**D.   Reimbursement**

An insurer may obtain a reimbursement of expenses incurred defending its insured if it is later determined that the policy never afforded a potential for coverage, so a duty to defend never arose. *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th 643, 657 (2005) ("[A]n insurer, having reserved its right

---

[11] GVD Defendants, as part of their counterclaim, alleged that Colony impermissibly denied them coverage because they were not "insureds" under the Policy. Although that specific issue is not before the Court, even if GVD Defendants were deemed insureds under the Policy, they would not be entitled to coverage for the *Elizarraras* action because of the Exclusion. Thus, the Court grants Colony's summary judgment on GVD Defendants' entire counterclaim for breach of the implied covenant of good faith and fair dealing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00161-RGK-KK | Date | March 25, 2021 |
|---|---|---|---|
| Title | *Colony Insurance Company v. Ethan Longley et al* | | |

to do so, may obtain reimbursement of defense costs which, in hindsight, it never owed."). Because the Court found that there was never a potential for coverage, Colony is entitled to summary judgement on its claim for reimbursement against Longley.

### V.     EVIDENTIARY OBJECTIONS

To the extent that the Court relies on evidence to which the parties object, the Court overrules those objections.

### VI.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Colony's Motion. Accordingly, Colony's Complaint is resolved in its entirety. GVD Defendants' first, second, and third counterclaims against Colony are dismissed. Longley's Counterclaim against Colony is dismissed in its entirety. Colony is to file a proposed judgement consistent with this Order within **5 days** of this Order's issuance.

GVD Defendants' crossclaims for breach of contract and express indemnification against Longley are the only remaining claims. As GVD Defendants and Longley are both citizens of California, it appears that the Court only has supplemental jurisdiction over these remaining claims. The parties are therefore ordered to file a joint status report within **7 days** of this Order's issuance on why the remaining crossclaims should not be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer